UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPERIAL IRRIGATION DISTRICT,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CALIFORNIA INDEPENDENT SYSTEM OPERATOR CORPORATION,<br><br>　　　　　　　　　　　Defendant. | Case No.: 15-CV-1576-AJB-RBB<br><br>**ORDER:**<br><br>**(1) GRANTING CAISO'S MOTION FOR EXTENSION OF TIME TO ANSWER, (Doc. No. 53); AND**<br><br>**(2) DENYING CAISO'S MOTION FOR LEAVE TO EXCEED PAGE LIMITS, (Doc. No. 58)** |

　　　Presently before the Court are Defendant California Independent System Operator Corporation's ("CAISO") motions for extension of time to answer the FAC and for leave to exceed page limits on its motion for reconsideration. (Doc. Nos. 53, 58.) IID opposes the motions. (Doc. No. 57; Doc. No. 58 ¶ 3.) The Court finds these matters suitable for disposition without oral argument pursuant to Local Civil Rule 7.1.d.1. For the reasons set forth below, the Court **GRANTS** the motion for extension of time and **DENIES** the motion for leave to exceed page limits.

Rule 12(a)(4) of the Federal Rules of Civil Procedure[1] sets forth the time for responding to a pleading following a motion filed under Rule 12. In relevant part, it provides that, "[u]nless the court sets a different time, serving a motion under this rule alters these periods as follows: [] if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action[.]" Fed. R. Civ. P. 12(a)(4). While CAISO's motion for reconsideration will presumably be brought under Rule 54(b), the order CAISO seeks reconsideration of is the Court's order granting in part and denying in part CAISO's motion to dismiss brought under Rule 12(b)(6). (Doc. No. 51.) As such, the Court finds the rationale behind Rule 12(a)(4) applies with equal force to CAISO's prospective motion, namely, that it has the potential for resolving this matter in its entirety, which would obviate the need for an answer. The Court therefore **GRANTS** CAISO's motion for extension of time to answer. CAISO need not answer the FAC until 14 days after the Court rules on CAISO's motion for reconsideration.

Turning now to that motion, CAISO asks the Court for leave to exceed the page limits. Pursuant to the undersigned's Civil Case Procedures Rule II.G.3, motions for reconsideration may not exceed ten pages in length and may not include attachments or exhibits. CAISO asks the Court for leave to file a motion twenty-five pages in length, citing the complexity of this case's factual underpinnings and the legal issues. (Doc. No. 58.) Having reviewed CAISO's request, the Court is not persuaded that departure from the page limit is necessary. CAISO apparently intends to relitigate certain issues from scratch, specifically, the applicability of the filed rate doctrine to IID's state law claims and whether CAISO's tariff controls unscheduled overflow on IID's transmission facilities. (Doc. No. 53 at 3–4.) However, CAISO's motion need not be lengthy to address these issues in full given the Court's and the parties' intimate familiarity with this case following two rounds of briefing on CAISO's motions to dismiss, as well as the narrow scope of a reconsideration

---

[1] All future references to "Rules" refer to the Federal Rules of Civil Procedure.

motion. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court is (1) presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."); *see also Fay Avenue Props., LLC v. Travelers Prop. Cas. Co.*, No. 11cv2389-GPC (WVG), 2014 WL 6980248, at *2 (S.D. Cal. Dec. 9, 2014) ("a motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision" (citation and internal quotation marks omitted))). The Court therefore **DENIES** CAISO's request for leave to exceed the page limit.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** CAISO's motion for extension of time to answer the FAC, (Doc. No. 53), and **DENIES** CAISO's motion for leave to exceed page limits, (Doc. No. 58). CAISO need not answer the FAC until 14 days after the Court rules on CAISO's motion for reconsideration.

**IT IS SO ORDERED.**

Dated: August 16, 2016

Hon. Anthony J. Battaglia
United States District Judge